UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY WHITE,<br><br>        Plaintiff,<br><br>v.<br><br>JOHN R. WARREN, Trustee of the John and Laura Warren Trust u/t/d August 24, 1995, et al.,<br><br>        Defendants. | Case No.: 17-cv-1059-AJB (NLS)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR PUBLICATION OF SUMMONS**<br><br>(Doc. No. 3) |

    Presently before the Court is Plaintiff Dorothy White's[1] ("Plaintiff") ex parte application for an order that the summons in this action be served on Defendants John and Laura Warren, Trustees of the John and Laura Warren Trust u/t/d August 24, 1995 (collectively referred to as "Defendants") by publication. (Doc. No. 3.) Based on Judge Battaglia's Civil Case Procedures, the Court reviews and decides the motion without a

---

[1] The Court notes that Plaintiff's moving papers state that Plaintiff is Martin Vogel. (Doc. No. 3 at 1.) However, the complaint states that Plaintiff is Dorothy White. (Doc. No. 1; Doc. No. 1-1.) The Court believes that this misstatement was made in error by Plaintiff's counsel. Thus, the Court will assume that Plaintiff is Dorothy White for the remainder of this Order.

1

hearing. As explained more fully below, the Court **DENIES** Plaintiff's ex parte application for publication of summons.

## BACKGROUND

On May 23, 2017, Plaintiff filed a civil rights action against Defendants for discrimination at the building, structure, and facility known as Top Syle Salon ("the Salon") located in Oceanside, California. (Doc. No. 1 at 2.) Plaintiff alleges that while visiting the Salon that she encountered barriers that interfered with her ability to use and enjoy the good and services of the facility. (*Id*. at 3.) Plaintiff's complaint seeks injunctive and declaratory relief, statutory minimum damages, and attorney's fees and costs of suit. (*Id*. at 11.) On July 26, 2017, almost two months after the summons was issued, (Doc. No. 2), Plaintiff filed the present motion, her ex parte motion for order for publication of summons, (Doc. No. 3).

## LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure provides that proper service can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Therefore, California's statute for service by publication will govern whether such service is proper in this action.

California Code of Civil Procedure § 415.50(a)(1) provides that:

> A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either: (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action . . . .

Service by publication is appropriate only where after reasonable diligence, the defendant's whereabouts and his dwelling place or usual place of abode cannot be ascertained. *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995). However, service by publication is a "last

resort," so the courts require a plaintiff "to show exhaustive attempts to locate the defendant." *Id*. "Reasonable diligence" in attempting to serve by other methods connotes:

> [A] thorough, systematic investigation and inquiry conducted in good faith . . . . A number of honest attempts to learn defendant's whereabouts or address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient. These are likely sources of information, and consequently must be searched before resorting to service by publication. However, the showing of diligence in a given case must rest on its own facts and no single formula nor mode of search can be said to constitute due diligence in every case.

*Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1137–38 (1996) (internal citations and quotations omitted).

## **DISCUSSION**[2]

Plaintiff seeks to serve Defendants by publication of the summons in the Palos Verdes Peninsula News, which is a newspaper of general circulation in this state and is most likely to give Defendants notice as their last known address was in Palos Verdes Estates, Los Angeles County, California. (Doc. No. 3 at 1.)

A.   Plaintiff Has Not Met Her Burden to Show a Valid Cause of Action

One of the requirements that has to be satisfied before service by publication is ordered is that an affidavit must provide facts that prove that "[a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Code Civ. P. § 415.50(a)(1). Here, the Court finds Plaintiff's counsel's declaration to be insufficient.

---

[2] The Court notes that Plaintiff did not first contact the law clerk before filing this motion pursuant to Judge Battaglia's Civil Case Procedures.

Within the declaration, Plaintiff's counsel concisely states that "[a] cause of action exists against the parties on whom service is to be made, and they are a necessary or proper party to the action, as they are the owners of real property located at 3805 — 3815 Mission Avenue, Oceanside, California, the property which is the subject of this action." (Doc. No. 3-1 at 2.) This statement, on its own, fails to satisfy section 415.50(a)(1)'s requirement that plaintiff provide "independent evidentiary support, in the form of a sworn statement of facts . . . ." *Nhia Kao Vang v. Decker*, No. 2:12-cv-01226-MCE-EFB, 2012 WL 5906890, at *5 (E.D. Cal. Nov. 26, 2012). Moreover, the declaration does not "demonstrate counsel's personal knowledge of the facts at issue." *Cummings v. Hale*, Case No. 15-cv-04723-JCS, 2016 WL 4762208, at *3 (N.D. Cal. Sept. 13, 2016). Based on this, Plaintiff's failure in this respect precludes the Court from finding that service by publication is appropriate at this time. *See McNamara v. Sher*, No. 11-cv-1344-BEN (WVG), 2012 WL 760531, at *4 (S.D. Cal. Mar. 8, 2012) ("Section 415.50 requires the plaintiff to provide independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant.") (citing *Harris v. Cavasso*, 68 Cal. App. 3d 723, 726 (1977)).

B.   Plaintiff has not Demonstrated Due Diligence

Next, based on the declarations of Plaintiff's counsel, the Court finds that though Plaintiff has demonstrated that she has taken reasonable steps to effect service on Defendants, she has failed to show that she "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978).

In this case, the declaration states that Plaintiff's counsel searched public records to find Defendants' mailing address. (Doc. No. 3-1 at 2.) Based on this information, a registered process server, Ronald A. Kofler, attempted service on Defendants on two different occasions—June 4, 2017, and June 30, 2017. (*Id*.) Both of these attempts were unsuccessful as there was no answer at the door. (*Id*.) Consequently, on June 5, 2017, Plaintiff's counsel sent the Notice forms to Defendants via U.S. Mail and certified U.S.

mail. (*Id.*) As of the date of Plaintiff's declaration, Defendants have not responded. (*Id.* at 3.)

The Court recognizes that Plaintiff has taken steps to effectuate service. However, Plaintiff has not exhausted the myriad of other avenues available to make contact with Defendants including searching telephone directories or the internet. *See Dunmore v. Dunmore*, No. 2:11-cv-2867 MCE GGH PS, 2012 WL 4364454, at *2 (E.D. Cal. Sept. 20, 2012) (finding publication appropriate where plaintiffs' amended declaration demonstrated that they had attempted to serve individual defendants several times and had also searched telephone directories, the internet, and real property records); *see also Bd. of Trustees v. Debruin Constr., Inc.*, Case No. 12-cv-05477-JCS, 2014 WL 3362460, at *4 (N.D. Cal. June 25, 2014) (granting plaintiff's ex parte application to serve summons by publication as plaintiffs had searched city and telephone directories, provided the qualifications of their field agents, and attempted service by mail); *Duarte v. Freeland*, No. C-05-2780 EMC, 2008 WL 683427, at *2 (N.D. Cal. Mar. 7, 2008) (denying publication of summons as plaintiff failed to search any city or telephone directories); *Watts*, 10 Cal. 4th at 749 n.5 (noting that "likely sources of information" such as telephone directories and voter registries "must be searched before resorting to service by publication").

"It should not need be said that ex parte applications to serve process by publication, because of claimed inability to locate a defendant, should be carefully scrutinized by the court." *Sanford v. Smith*, 11 Cal. App. 3d 991, 1001 (1970). Based on these considerations, and the foregoing analysis of Plaintiff's counsel's declaration, the Court finds that Plaintiff's declaration has failed to satisfy the elements that make service by publication permissible under California law. *See Donel, Inc.*, 87 Cal. App. 3d at 333 (holding that "[n]o single formula nor mode of search can be said to constitute due diligence in every case"). Thus, Plaintiff's ex parte application is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's ex parte application for an order for publication of summons. (Doc. No. 3.) The denial is **WITHOUT PREJUDICE**.

5

17-cv-1059-AJB (NLS)

If Plaintiff decides to ask the Court a second time for service of publication, then he must demonstrate that he has performed additional searches to demonstrate reasonable diligence. Such a search might include, but is not limited to, an examination of city or telephone directories, internet seraches or attempting to contact relatives.

**IT IS SO ORDERED**.

Dated: August 4, 2017

Hon. Anthony J. Battaglia
United States District Judge